Herbert WILLIAMS, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–216.

Court of Criminal Appeals of Oklahoma.

Jan. 16, 1974.

Jones, Williams, Bane & Klingenberg, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

The appellant, Herbert Williams, Jr., hereinafter referred to as defendant, was originally charged as a co-defendant with Charles Melvin Ray in the District Court, Oklahoma County, with the offense of Burglary in the Second Degree, After Former Conviction of a Felony, in Case No. CRF–72–2327. A severance was granted Charles Melvin Ray just prior to the commencement of trial. Upon trial, the defendant was convicted as charged and punishment was fixed at twenty-five (25) years imprisonment in the state penitentiary. From said judgment and sentence, the defendant has perfected his timely appeal.

The first witness called by the State was Charles Melvin Ray who testified that on the 25th day of September, 1972, he had an occasion to be in an apartment house on Northeast First in Oklahoma City in the company of the defendant and others. He left the premises to take some friends home and when he returned the defendant stated that he "had got a T.V." Ray asked where he got the television set and then told him to take it back since it belonged to Lewis Gordon. Ray then testified that he went to his automobile after he had seen other persons coming into the apartment, and that when he got to the car the defendant and the television were inside. As he was driving away, he turned a corner and instructed the defendant to put the television out of the car and the defendant did so. Ray and the defendant were then stopped by Lewis Gordon who accused them of having his television set and searched the car. Ray told Gordon they did not have the set. Ray then testified that he drove back around the corner to pick up another person and that Gordon again stopped them and inquired about his set.

Lewis Gordon then testified that he left his apartment around 8:00 on the morning of the 25th, returned at approximately noon, and noticed the defendant standing outside next to a Chevrolet automobile. He then observed and spoke to Ray as Ray was coming out of the apartment building. When he entered his apartment he noticed that his television set was gone and went back downstairs where he saw Ray and the defendant driving off. He stopped them after they had driven a short distance and searched the car unsuccessfully for the set. Gordon was subsequently directed by some neighbors to a vacant lot where he recovered his missing television. He then testified that he had given no one permission, particularly the defendant, to remove the television set from his apartment.

Izore Hook then testified that she had occasion to be at the home of a neighbor on Northeast First Street and that she saw a man walk up on a hill nearby and set something down which was wrapped in a pink blanket. She then told Lewis Gordon what she had seen and further stated that she could not identify the man she saw placing the bundle on the ground.

The State then rested.

For the defense, Lewis Gordon was recalled and testified that he may have asked the defendant and Ray when he first stopped and searched their car if they had stolen his television set. He further testified that he may have testified at the preliminary hearing that their answer was yes.

Charlesetta Ray then testified that she was Ray's sister and that neither she nor any member of her family had solicited the

prosecution for immunity in regard to her brother's testimony in the instant trial. The defense then rested without the defendant testifying on his own behalf.

The defendant's propositions in error urge that the trial court committed reversible error in failing to instruct the jury on the law of accomplices. We agree.

This Court has held on numerous occasions that where the evidence clearly shows that a witness is an accomplice the trial court should submit an instruction that the witness is an accomplice and that his testimony must be corroborated; but where the evidence is conflicting or doubtful whether or not a witness is an accomplice or whether or not the testimony is corroborated then the trial court upon proper requested instructions must submit said issues to the jury for their exclusive determination. See Melot v. State, Okl. Cr., 375 P.2d 343, and Vahlberg v. State, 96 Okl.Cr. 102, 249 P.2d 736.

In the instant case there was sufficient circumstantial evidence presented to raise the issue of whether Charles Melvin Ray was or was not an accomplice and to submit same to the jury. However, the trial court refused the defendant's requested Instruction No. 2 which read as follows:

> "As to the witness ————— you are instructed that you are to determine from the foregoing instructions whether or not he is an accomplice to the crime of which the defendant here stands charged, and if you determine that he is an accomplice, then you are instructed that you cannot convict the defendant upon the testimony of said witness, unless you find that such testimony is corroborated as provided in the foregoing instruction."

and further failed to submit an instruction defining the term "accomplice" and what constitutes corroborating evidence. To fail to so instruct constitutes reversible error in the instant case.

It is therefore the opinion of this Court that the judgment and sentence appealed from should be and the same is hereby reversed and said cause is hereby remanded for new trial consistent with the principles set out herein.

Reversed and remanded for new trial.

BRETT and BUSSEY, JJ., concur.